# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| DAVENPORT MOTOR COMPANY OF ROCKY MOUNT, INC., ) ) ) | |
| Plaintiff, ) ) | Civil Action No. |
| v. ) ) | |
| WE ARE THE CAR GUYS, INC., ) ) | |
| Defendant. ) ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant We Are the Car Guys, Inc. ("Car Guys" or "Defendant"), by and through counsel, and without waiving their affirmative defenses, hereby remove the action filed by Davenport Motor Company of Rocky Mount, Inc. ("Davenport" or "Plaintiff") from the North Carolina General Court of Justice, Superior Court Division for Nash County, North Carolina, to the United States District Court for the Eastern District of North Carolina, Western Division, on the following grounds:

### Procedural History and Timeliness of Removal

1. On or about May 30, 2023, Plaintiff filed its Complaint against Defendant in the Superior Court of Nash County, North Carolina, Civil Action No. 23-cvs-800, styled *Davenport Motor Company of Rocky Mount, Inc.* (the "State Court Action"). A copy of Plaintiff's Civil Action Cover Sheet, Summons and Complaint, which constitute all process, pleadings, and orders served on Defendant in the State Court Action are attached hereto as **Exhibit A**, **Exhibit B** and **Exhibit C**.

2. Service of the Summons and Complaint in the State Court Action was made upon Defendant on August 2, 2023.

3. 28 U.S.C. § 1446(b)(2)(B) provides that for cases removed on the grounds of diversity jurisdiction, "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."

4. This Notice of Removal is therefore timely under 28 U.S.C. §1446(b). This Notice of Removal is filed within thirty (30) days of service of the Complaint, and the date by which Defendant is required to answer or otherwise respond to Plaintiff's Complaint has not yet expired.

**This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. 1332(a)**

6. Under 28 U.S.C. § 1332(a), this Court has original subject-matter jurisdiction over a civil action if there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth below, all requirements of 28 U.S.C. § 1332 and 1441 are satisfied in this case.

**A.     The Parties Are Completely Diverse**

7. According to the Complaint, Plaintiff is a corporation organized under the laws of the State of North Carolina, with its principal place of business in Rocky Mount, North Carolina. (Compl. ¶ 9).

8. As alleged in Plaintiff's Complaint, We Are the Car Guys, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Staten Island, New York. (Compl. ¶ 11).

9. Accordingly, there is complete diversity of citizenship, as Plaintiff is a citizen of North Carolina, and Defendant is a citizen of New York.

B.   **The Amount in Controversy Exceeds $75,000**

10.   Without conceding that Plaintiff is entitled to any damages whatsoever, the purported amount in controversy in this action exceeds $75,000.00 in the aggregate, exclusive of interest and costs.

11.   Plaintiff's Complaint asserts claims against Defendant for: (1) breach of contract; (2) "bad faith"; and (3) unjust enrichment.

12.   With respect to Plaintiff's claims, Plaintiff alleges that, "**As a result of [Defendant's] failure to deliver vehicles previously purchased by [Plaintiff], [Defendant] owes [Plaintiff] at least sixty thousand dollars**." (Compl. at ¶ 7). Accordingly, from the face of Plaintiff's Complaint, Plaintiff is seeking more than $60,000 in actual damages from Defendant.

13.   Further, in determining the amount in controversy, Courts may consider actual and compensatory damages, as well as punitive and treble damages if they are pled. *See Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, 19-cv-210, 2019 2992219, at *3 (M.D.N.C. July 9, 2019) *citing Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount"); *R.L. Jordan Oil Co. of N. Carolina v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 (4th Cir. 2001) (unpublished) ("When calculating the amount in controversy district court should consider any special or punitive damages, such as treble damages").

14.   Defendant denies that Plaintiff is entitled to any damages whatsoever in this matter, including but not limited to punitive damages. Nonetheless, in its Complaint, Plaintiff alleges that in addition to actual damages, Plaintiff is seeking "**punitive damages in an amount in excess of $25,000**." (Compl. ¶ 73).

15. Because Plaintiff is seeking actual damages in excess of $60,000, plus punitive damages in excess of $25,000, the aggregate damages sought by Plaintiff (exclusive of interest and costs) exceeds $85,000. (Compl. ¶¶ 7, 73).

16. Because all the requirements of 28 U.S.C. § 1332 are satisfied, this case is removable to this Court under 28 U.S.C. § 1441(a) and (b).

## Removal to this District Is Proper

17. Venue lies in the Eastern District of North Carolina pursuant to 28 U.S.C. §§ 1441 and 1446(a).

18. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, written notice of the filing of this Notice of Removal is being served on Plaintiff.

19. A true and correct copy of the Notice of Filing of Notice of Removal (without exhibit) is attached hereto as **Exhibit D** and will be promptly filed with the Clerk of the Superior Court of Nash County, North Carolina, as required by 28 U.S.C. § 1446(d).

20. Defendant respectfully requests that this United States District Court accept this Notice of Removal, assume jurisdiction of the case, and issue such orders and processes as may be necessary going forward.

WHEREFORE, Defendant prays that the action now pending against it in the Superior Court of Nash County, North Carolina be removed to the United States District Court for the Eastern District of North Carolina.

Respectfully submitted this the 31st day of August, 2023

        WYRICK ROBBINS YATES & PONTON LLP

        /s/ T. Cullen Stafford
        T. Cullen Stafford
        NC State Bar No. 48872
        4101 Lake Boone Trail, Suite 300
        Raleigh, NC  27619
        Phone (919) 781-4000
        Fax (919) 781-4865
        cstafford@wyrick.com

        *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

       The undersigned attorney for the Defendant hereby certifies that on this day he served the foregoing Notice of Removal upon the Plaintiff in this action by depositing a copy thereof in the United States mail, postage prepaid, and filed with the Court's CM/ECF system which will send notification of such to the following:

       Mark W. Ishman
       Bass Sox Mercer, Attorneys
       4208 Six Forks Road, Suite 100
       Raleigh, NC 27609
       mishman@dealerlawyer.com

       *Attorney for Plaintiff*

This 31st day of August, 2023.

       /s/ T. Cullen Stafford
       T. Cullen Stafford